1  CAROL A. SOBEL SBN 84483
   LAW OFFICE OF CAROL A. SOBER
2  429 Santa Monica Boulevard, Ste. 550
   Santa Monica, California 90401
3  t. 310 393-3055   f. 310 393-3605
   e. carolsobel@aol.com
4
   REBECCA F. THORNTON  SBN 231128
5  LAW OFFICE OF REBECCA F. THORNTON
   429 Santa Monica Boulevard, Ste. 550
6  Santa Monica, California 90401
   t. 310 393-3055   f. 310 393-3605
7  e. rebecca@humanrightsesq.com

8

9              UNITED STATES DISTRICT COURT
     FOR THE CENTRAL DISTRICT OF CALIFORNIA - Western Division
10

11 DEBORAH BURTON and STEVE          ) CASE NO:
   RICHARDSON,                        )
12                                    )
           Plaintiffs,                ) CV 09-8636
13                                    )
   v.                                 ) COMPLAINT: CIVIL RIGHTS
14                                    )
   CITY OF LOS ANGELES, a municipal   ) FIRST AMENDMENT
15 entity, SGT. ZUNIGA and Sgt. Wiggins, ) FOURTH AMENDMENT
   in their individual capacities,    ) CALIFORNIA CONSTITUTION
16 DOES 1-10, in their individual capacities.) CALIFORNIA CIV. CODE §52.1
                                      ) CALIFORNIA CIV. CODE §51.7
17                                    ) FALSE ARREST/IMPRISONMENT
           Defendants.                )
18 _____   ) JURY DEMAND
                                      )
19

20              **JURISDICTION AND VENUE**

21      1.      This is an action for injunctive relief pursuant to 42 U.S.C. § 1983, as

22 well as damages, based upon the ongoing violations by the defendants of the rights

23 secured to plaintiffs by the First, Fourth, and Fourteenth Amendments of the United

24 States Constitution.  This Court has jurisdiction over plaintiffs' claims pursuant to

25 28 U.S.C. § 1331 (in that the claims pose a federal question, arising under the

26 federal Constitution); § 1343(a)(3) (in that it is brought to redress deprivations,

27 under color of state law, of rights, privileges and immunities secured by the United

28 States Constitution); and under § 1343(a)(4) (in that the Complaint seeks to secure

1    equitable relief under an Act of Congress providing for the protection of civil rights,

2    specifically under 42 U.S.C. § 1983); and the Declaratory Judgment Act, 28 U.S.C.

3    §§ 2201(a) and 2202.  The Court has supplemental jurisdiction over the state law

4    claims pursuant to 28 U.S.C. § 1367.

5        2.       Venue is proper in the Central District of California under 28 U.S.C.

6    § 1391(b).  Defendants are located in the Central District, and all of the acts and/or

7    omissions which give rise to the claims herein occurred, or will occur, in this

8    District.

9    **STATEMENT OF FACTS**

10       3.       This case arises from the reprisals by the Los Angeles Police

11   Department ("LAPD") against residents and individuals on Los Angeles' Skid Row.

12   Over the past several years , officers have repeatedly targeted members of the Los

13   Angeles Community Action Network ("LA CAN") as staff and volunteers have

14   taken to the streets of Skid Row to document police conduct in public fora.

15   Apparently believing that if they foreclose documentation of police actions, the

16   LAPD will be able to continue its assault on Skid Row unabated, officers have

17   threatened arrest and have in several instances arrested community activists as they

18   brought their personal observations and cameras to bear on suspicionless stops of

19   low-income residents on the streets of Skid Row.

20       4.       The arrest of plaintiff Deborah Burton, a staff member of LA CAN

21   occurred on or about September 9, 2008, as she was lawfully and peacefully

22   observing the police roust individuals who were homeless and who were sleeping

23   on Wall Street, across the street from the Central Community Police Station, at

24   approximately 5:30 in the morning.  The persons who were homeless were sleeping

25   on the sidewalk pursuant to the agreement in *Jones v. City of Los Angeles*, 444 F.3d

26   1118 (2006), vacated pursuant to settlement, 505 F.3d 1006 (9th Cir. 2007), which

27   challenged Los Angeles Municipal Code ("LAMC") § 42.18(d), criminalizing

28   sleeping, sitting or lying on any street or sidewalk at any time of the night or day

1  unless watching a permitted parade. In the settlement agreement in *Jones*, the City

2  agreed to suspend enforcement of Los Angeles Municipal Code § 42.18(d) between

3  the hours of 9:00 p.m. and 6:00 a.m.

4       5.    BURTON, armed with a clip board and a pad on which she was taking

5  notes, was accompanied by another LA CAN volunteer who was videotaping the

6  police activity. During the time that Ms. Burton was present at this site, observing

7  the police, she was asked several times to move back from where the police were

8  searching people. Although she was at a considerable distance from the officers

9  already, she complied with the order to move farther away each time it was given.

10  When she was standing at the corner of 6th & Wall, she was approximately 30 feet

11  away from the officers, with pedestrians freely moving back and forth on the

12  sidewalk just a few feet from the officers conducting the detentions and searches on

13  on Wall Street. In addition, several individuals who had been sleeping on the

14  sidewalk, but who were not subjected to detention and search, were permitted to

15  remain in the area even though they were much closer to the police action. After a

16  significant amount of time passed, defendant Sgt. ZUNIGA arrived at the scene and

17  ordered Ms. BURTON to move even farther away. When BURTON asked why she

18  and the videographer were being ordered to move when others were permitted to

19  pass freely and closer to the officers, Sgt. ZUNIGA told her she was under arrest,

20  had her handcuffed, and transported to Central Station for booking. Once there, Ms.

21  BURTON was subjected to abusive interrogation regarding purported gang

22  affiliation. Ultimately, she was released without charge, with defendant ZUNIGA

23  threatening her that the next time he told her to move she had better do so.

24       6.    The most recent unlawful detention of plaintiff RICHARDSON

25  occurred on the evening of March 27, 2009 as he was walking southbound on Main

26  Street, between 5th and 6th Street. RICHARDSON first observed a police squad car

27  traveling northbound on Main Street stop in front of three black males near the

28  Sanborn Hotel. After a short time, RICHARDSON observed that the three males

3

were permitted to walk away. As the vehicle continued northbound on Main Street and neared RICHARDSON, the officer in the passenger seat shone his flashlight in RICHARDSON's face. RICHARDSON asked that the officer not shine the light in his face and kept walking. Almost immediately, RICHARDSON heard a vehicle pulling up beside him. The officer who had shined the light in his face now got out of the car and ordered him to "hit the wall." When RICHARDSON asked why he was being ordered to do so, the officer responded that "we just want to talk." In reply, RICHARDSON said he would talk, but he was not getting up against the wall. At this point, the officer in the driver's seat got out and screamed at RICHARDSON to hit the wall. RICHARDSON refused to do so and requested that a supervisor be called. The Asian male officer called on his radio and within approximately 2 minutes, a dozen or more LAPD squad cars arrived at the scene, including Sgt. WIGGINS. RICHARDSON observed WIGGINS speaking with the officers who initially stopped him and heard them state, falsely, that RICHARDSON was mad and agitated and that RICHARDSON punched his fist into his hand as he stated he would not get up against the wall. In response to hearing this, RICHARDSON informed WIGGINS that the officers' statements were not true and that, in fact, RICHARDSON had said he would not let them criminalize him for being black and walking on Main Street. In any event, even if the officers' allegations were true, they did not support reasonable or probable suspicion to stop RICHARDSON nor to escalate the initial stop to a prolonged detention.

7.     The Asian officer then asked whether RICHARDSON was on parole or probation and, when RICHARDSON answered that he was on neither, the officer demanded his identification and ran a wants and warrants check, even though there was no reasonable suspicion to detain RICHARDSON in the first place and no reasonable suspicion to believe that RICHARDSON had any wants/warrants. The same officer then told RICHARDSON he could avoid this situation the next time if he just got up against the wall when an officer tells him to do so, despite the fact

4

1  that the officer acted unlawfully and without probable cause and/or reasonable
2  suspicion to make the stop in the first place. RICHARDSON was detained by
3  nearly two dozen officers for a lengthy period of time.

4      8.    During the time that RICHARDSON was detained, other members of
5  LA CAN arrived on the scene to document the event. The entire incident occurred
6  near LA CAN's office as the organization was in the process of moving one block
7  from its prior location. The officers knew that RICHARDSON was with LA CAN
8  and, in fact, at least some, if not all of the officers, knew of RICHARDSON's
9  participation in the Community Watch program to document police activity on Skid
10 Row.

11     9.    The arrest of Deborah Burton and the detention of Steve Richardson
12 are not isolated experiences. In February, 2008, LA CAN co-director Pete White
13 was arrested while photographing officers in a squad car in a public place. Plaintiff
14 Steve RICHARDSON was arrested at the same time when he refused to stop
15 videotaping the arrest of White, even though he produced identification, had not
16 "jaywalked" as accused since he arrived from a different direction on his bicycle,
17 had no wants or warrants, and was no closer to the arrest location than a host of
18 other pedestrians in the area. Previous to this arrest, on January 18, 2008,
19 RICHARDSON was videotaping an incident involving 3 LAPD officers and 3
20 community residents when defendant Sergeant ZUNIGA exited his patrol car,
21 walked up to RICHARDSON and pushed him in the chest, shouting "back up, get
22 back." Except for the shove, this is almost precisely what defendant ZUNIGA did
23 to defendant BURTON when he arrested her. At the time, RICHARDSON was
24 shoved by ZUNIGA, he was a considerable distance from the officers he was
25 videotaping and was neither interfering with the officers nor blocking the sidewalk.
26 RICHARDSON informed an officer who was present, that he wanted to arrest Sgt.
27 ZUNIGA for striking him, but that officer refused to take RICHARDSON's
28 complaint. This was the third time that ZUNIGA had attacked RICHARDSON for

5

1 | videotaping police activity on Skid Row.

2 |     10. On February 5, 2008, RICHARDSON was walking north on Stanford
3 | and 1st Streets when he observed 4 police cars and 6 LAPD officers surrounding 2
4 | homeless residents. RICHARDSON stopped and started videotaping the incident
5 | when an officer walked up to him and "keep walking or go back." When
6 | RICHARDSON asserted his right to film the police in a public place, the officer
7 | demanded his identification and ran RICHARDSON's information for wants and
8 | warrants, as another officer had done just 4 days earlier. When the officer
9 | approached RICHARDSON and ordered him to leave, RICHARDSON was about
10 | 20 feet from the officers surrounding the 2 homeless residents, whom they had
11 | unlawfully detained.

12 |     11. On April 10, 2008, plaintiff RICHARDSON was arrested when he,
13 | along with LA CAN members Joe Thomas and Herman Jones, were stopped just a
14 | block from the CANGRESS office, ordered out of their car, and searched on the
15 | allegation that they "fit the description" of black males purportedly engaged in drug
16 | sales on Skid Row. RICHARDSON, along with Thomas and Jones, were
17 | responding to a report that the police had handcuffed and were searching a black
18 | woman at 5th and Los Angeles streets. Both Thomas and RICHARDSON took
19 | cameras with them to the scene and Jones arrived in his vehicle. After the woman
20 | was released, LA CAN members spoke with her and she explained that the police
21 | had stopped and searched her on suspicion of drugs, found nothing, and then
22 | released her.

23 |     12. Thomas, Jones and RICHARDSON then got into Jones' car and started
24 | to drive away to continue their Community Watch program, monitoring police
25 | activity. The vehicle traveled only a short distance and was stopped at a red light
26 | when the three were subjected to a felony stop. The police drew their weapons,
27 | handcuffed all three occupants of the car, and then searched them. After the three
28 | were handcuffed, Thomas was dragged down the street and hit by officers, while

RICHARDSON was choked and held down by multiple officers. Both suffered injuries as a result of this conduct by the officers. When other LA CAN activists and community witnesses arrived and started to document the incident, the police stopped and released Jones and Thomas, but RICHARDSON was arrested and charged with "resisting arrest." Specifically, RICHARDSON was accused of grabbing two fingers of an officer while multiple officers had RICHARDSON handcuffed behind his back.

13.   In all, there were approximately a dozen officers present at the scene. All but two refused to give their name and badge numbers, including the ranking officer on the scene. RICHARDSON was charged with a violation of California Penal Code §69, "Obstructing, resisting" an officer, and held to answer on August 11, 2008. On November 26, 2008, all charges against him were dismissed. His arrest report was prominently stamped with a logo that stated: "GANG MEMBER ARREST."

## PARTIES

**Plaintiffs:**

14.   Plaintiff Deborah BURTON is a staff member of LA CAN. She was detained, handcuffed, arrested and accused of being a gang member on September 9, 2008, as she was observing and making notes concerning police activity Burton believed to be a violation of the settlement agreement in *Jones v. City of Los Angeles*, establishing a safe time zone in which persons without shelter may sleep on sidewalks and not risk arrest. Although she was never charged, she was threatened with future arrests if she did not comply with police orders to move in the future. At the time of her arrest, Burton was approximately 20-30 feet from the nearest officer, making notes on a pad, and the roadway and sidewalk were both open to and traversed by pedestrians and other individuals who had been sleeping on the sidewalk.

15.    STEVE RICHARDSON is a staff member of LA CAN. He was detained without reasonable suspicion and/or probable cause on March 27, 2009 when he was surrounded by nearly two dozen officers after he refused to comply with an unlawful order to get against the wall to be searched and, no doubt, handcuffed.    Previously he has been the subject of numerous and frequent detentions and arrests as a result of the policies and practices complained of herein. For example, he was handcuffed and cited on February 1, 2008 for allegedly walking across the crosswalk on a red light when he stopped on his bicycle to videotape the arrest of plaintiff WHITE. He was cited and arrested in February 2006, while videotaping police activity, and his video camera has been searched without his permission by officers with the Los Angeles Police Department. He was arrested on April 10, 2008 after a purported drug stop when he was with LA CAN members Joe Thomas and Herman Jones. The charges were dismissed in late 2008.

**Defendants:**

16.    Defendant CITY OF LOS ANGELES (hereinafter "CITY") is a municipal entity, organized as a Charter City under the laws of the State of California, with the capacity to sue and be sued. The CITY is the legal and political governmental entity responsible for the actions of the Los Angeles Police Department, its officials, agents, and employees. The CITY is sued in its own right, and on the basis of the acts of its officials, agents, and employees.

17.    Sergeant F. ZUNIGA, #25122, is a supervisor with the LAPD. ZUNIGA ordered the arrest of plaintiff BURTON. He is named as a defendant in the case captioned *CANGRESS, et al. v. City of Los Angeles, et al.*, cv 08-01191 DDP (RZx) based on allegations that he responded to the scene of the detention and arrest of WHITE and RICHARDSON on February 1, 2008 and directed the arrest and transport of WHITE.    On prior occasions, ZUNIGA has targeted, threatened and/or assaulted RICHARDSON as he lawfully videotaped police activity in public places on Skid Row. ZUNIGA is also the supervisor who caused the arrest of, and

8

threatened, plaintiff BURTON as she was lawfully observing police activity. He is sued in his official and individual capacity.

18.    Sergeant WIGGINS is a supervisor with the LAPD who responded to the scene of the detention of RICHARDSON on March 27, 2009. He is named as a defendant in the case captioned *CANGRESS, et al. v. City of Los Angeles, et al.*, cv 08-01191 DDP (RZx) WIGGINS directed, ratified and/or failed to intervene to prevent officers from detaining RICHARDSON and engaging in an unlawful questioning and check of RICHARDSON. WIGGINS also directed, ratified and or condoned the threat made to RICHARDSON that he had to get up against the wall the next time an officer told him to do so, even if there was neither reasonable suspicion nor probable cause to issue such an order, or face further police action. He is sued in his official and individual capacity.

19.    Defendants DOE 1-10 are officers with the LAPD, who were involved in the detention and/or arrest of plaintiffs. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sue these defendants by such fictitious names. DOES 1-10 are sued on the basis that one or more of the DOE defendants participated in and/or failed to prevent the detention and arrest of plaintiffs while plaintiffs were engaged in lawful First Amendment activity, and that one or more of the DOE defendants used force to detain, handcuff and arrest the plaintiffs without probable cause. Plaintiffs will amend this complaint to allege the true names and capacities of each of the DOE defendants as such information is ascertained. Plaintiffs are informed and believe and based thereon allege that defendants DOES 1-10 are responsible in some manner for the damages and injuries the plaintiffs suffered.

**GENERAL ALLEGATIONS**

20.    Each of the acts complained of herein was taken, and each violation of plaintiffs' rights occurred, pursuant to the policies, practices, or customs of the LAPD.

9

21.    In doing each of the constitutional violations complained of herein, defendants, their officials, agents, and employees were acting under color of law.

22.    Plaintiffs are informed and believe and on such basis allege that at all times relevant to this action, each of the individual defendants, including DOES 1 through 10, were the agents, servants and/or employees of the defendant CITY, and were acting all times within the scope of their agency and employment and with the knowledge and consent of their principal and employer, the City of Los Angeles.

23.    The acts of defendants were done with malice toward plaintiffs based on the fact that plaintiffs are associated with LA CAN and were documenting police activity in public places and was done to deter or prevent plaintiffs from exercising their right to observe and monitor police activity in public places. Each plaintiff has timely filed a claim for damages with the defendant CITY, pursuant to Government Code section 910, et seq. Each claim so filed has been expressly denied or, as in the case of plaintiff BURTON, denied by operation of law as the CITY has failed to grant or deny the claim within the statutory time period allowed.

# FIRST CAUSE OF ACTION
## FIRST AMENDMENT AND 42 U.S.C. § 1983;
## CALIF. CONSTITUTION, ART. I, sec. 2 and 3
### Violation of the Right of Speech, Assembly and Association

24.    Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

25.    The conduct of the defendants violates, and was taken in retaliation for, plaintiffs exercise of their First Amendment rights to observe the police in public places and to collect information concerning the activity of government officials without suffering threats and arrests for doing so. Defendants' threats against plaintiffs and other employees and members of LA CAN other than the named individual plaintiffs, as well as the detention and/or handcuffing and arrest of LA

CAN employees and members, as here, violates the First Amendment rights of speech, assembly and association of the individual named plaintiffs.

26.    As a direct result of defendants' unlawful conduct, plaintiffs have suffered violations of their First Amendment rights. Plaintiffs have fear and apprehension that they will continue to be subject to defendants' unlawful efforts to deter and prevent plaintiffs from engaging in First Amendment protected activity by standing in public fora and documenting police activity on Skid Row, or stopped and detained on the basis of their association with LA CAN.

27.    As a direct and proximate consequence of defendants' unlawful actions, plaintiffs have suffered damages, including loss of their constitutional rights, pain and suffering, humiliation and embarrassment. Plaintiffs are entitled to compensatory damages and punitive damages against the individual defendants as permitted by law.

## SECOND CAUSE OF ACTION
## FOURTH AMENDMENT AND 42 U.S.C. § 1983;
## CALIF. CONSTITUTION, ART. I, sec. 7, 13
### Violation of the Right to Be Free from Unreasonable Seizure

28.    Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

29.    The acts by defendants described above constitute violations of plaintiffs' right to be free from an unreasonable seizure as guaranteed by the Fourth Amendment to the U.S. Constitution. Defendants seized and/or handcuffed and arrested the individual plaintiffs without reasonable suspicion or probable cause and neither plaintiff presented any threat to the officers.

30.    As a direct result of defendants' unlawful conduct, plaintiffs have suffered violations of their Fourth Amendment rights. Plaintiffs have fear and apprehension that they will continue to be subject to violations of their Fourth

1  Amendment rights as a result of defendants' unlawful efforts to deter and prevent
2  plaintiffs from engaging in First Amendment protected activity by standing in
3  public fora, observing and documenting police activity on Skid Row. Plaintiffs are
4  entitled to compensatory damages and punitive damages against the individual
5  defendants, as permitted by law.

6      31.    As a direct and proximate consequence of defendants' unlawful
7  actions, plaintiffs have suffered damages, including loss of their constitutional
8  rights, pain and suffering, humiliation and embarrassment.

9

10                      **THIRD CAUSE OF ACTION**
11                      **INJUNCTIVE RELIEF**

12     32.    Plaintiffs reallege and incorporate herein by reference the allegations
13  contained previously and subsequently in this Complaint.

14     33.    Defendants have engaged in a course of unlawful conduct aimed at
15  deterring and preventing plaintiffs from documenting police activity on Skid Row
16  and acting under color of law based on the association of the individual plaintiffs
17  with LA CAN. As part of that unlawful course of conduct, defendants have
18  repeatedly attempted to intimidate plaintiffs and ordered plaintiffs to move when
19  they are lawfully on the sidewalk, observing, photographing and/or videotaping
20  police activity, and detained, cited and arrested plaintiffs when they have asserted
21  their protected First Amendment rights.

22     34.    Plaintiffs want to continue observing and documenting police activity
23  in public places in the immediate future, but are fearful they will suffer repeated
24  violations of their rights due to defendants' policies, practices or customs when they
25  are on the streets of Skid Row.

26     35.    Plaintiffs have suffered irreparable harm and, absent extraordinary
27  relief from this Court, will continue to suffer irreparable harm by being subjected
28  to unwarranted and unlawful violations of their First and Fourth Amendment rights.

12

Damages will not be an adequate remedy at law because damages cannot adequately compensate plaintiffs for the loss of their fundamental Constitutional rights. An actual controversy has now arisen and exists between plaintiffs and defendants regarding the challenged policies, practices or customs implemented and engaged in by defendants with respect to plaintiffs' documentation of police activity on Skid Row. Plaintiffs contend that defendants are engaging in unconstitutional conduct in violation of the First and Fourth Amendments to the U.S. Constitution, in an apparent effort to harass and intimidate advocates for the homeless as defendants engage in a sweeping suppression effort to drive the homeless from Skid Row.

36.    Plaintiffs are informed and believe, and on that basis allege that defendants dispute these contentions and contend otherwise.

37.    Plaintiffs desire and request a judicial determination of their constitutional rights and the constitutional limitations of conduct by defendants, and specifically that plaintiffs' contentions regarding the First Amended protected nature of their activity, as set forth above, are correct.

38.    This declaration is necessary and appropriate at the present time in order to set at rest the constitutional rights and obligations of the parties.

## FOURTH CASE OF ACTION
## THREATS, INTIMIDATION OR COERCION
### (California Civil Code Section 52.1)

39.    Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

40.    The Defendants by their conduct interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of Plaintiffs' rights as secured by the First and Fourth and Amendments to the United States Constitution and of the rights secured by the Constitution and laws of the state of California, including but not limited to

California Constitution Art. I, sec. 2, 3, 7 and 13 and California Civil Code §51.7.

41. There was no lawful justification for defendants to threaten, intimidate or coerce any of the plaintiffs, or to attempt to use threats, intimidation or coercion to interfere with Plaintiffs' rights to be present at and document policy activity in public places in Skid Row. Defendants' actions were taken with malice and oppression to deter and/or prevent plaintiffs' from exercising their protected First Amendment rights and in retaliation for the exercise of those rights.

42. As a direct and proximate consequence of defendants' actions, plaintiffs suffered, and continue to suffer pain and suffering, humiliation and embarrassment and are entitled to injunctive relief and compensatory damages for injury to their person, and punitive damages against the individual defendants as permitted by law.

## FIFTH CAUSE OF ACTION
## FREEDOM FROM VIOLENCE OR INTIMIDATION
### (California Civil Code Section 51.7)

43. Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

44. Plaintiffs have a right to be free from violence or intimidation in the exercise of their protected rights. Defendants' actions violated plaintiffs' rights to be free from violence, or intimidation by threat of violence, committed against their person because of political affiliation with LA CAN, or because defendants perceived Plaintiffs to have a specific political affiliation.

45. Defendants' unlawful actions were done willfully, maliciously, and with the specific intent to touch Plaintiffs without consent and cause them harm.

46. As a direct and proximate consequence of Defendants' actions, plaintiffs suffered, and continue to suffer, pain and suffering, humiliation and embarrassment and are entitled to compensatory damages for injury to their person,

1  as well as punitive damages against the individual defendants as permitted by law.

## SIXTH CAUSE OF ACTION
## FALSE IMPRISONMENT/FALSE ARREST
### (By All Plaintiffs)

47.  Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

48.  Defendants detained and/or arrested Plaintiffs without probable cause or lawful justification.  Plaintiffs RICHARDSON and BURTON were confined by defendants against their will.

49.  As a direct and proximate consequence of defendants' actions, plaintiffs suffered, and/or continue to suffer, pain and suffering, humiliation and embarrassment and, therefore, are entitled to compensatory damages for injury to their person, as well as punitive damages against the individual defendants as permitted by law.

WHEREFORE, Plaintiffs pray for relief as follows:

1.  A preliminary and permanent injunction, enjoining defendants, their officers, agents and employees from interfering with plaintiffs' constitutionally protected rights under the First and Fourth Amendments and the analogous provisions of the California Constitution;

2.  For a declaration that defendants' past, present and threatened future actions violate Plaintiffs' rights to speech, assembly and association under the First Amendment and to be free from unreasonable seizure under the Fourth Amendment and the analogous provisions of the California Constitution;

3.  For costs of suit pursuant to 28 U.S.C. § 1920. 42 U.S.C. § 1988 and California Civil Code §§ 52.1(h) and 1021.5;

4.  For attorneys' fees pursuant to 42 U.S.C. § 1988, California Civil Code

1  §§ 1021.5 and 52.1(h); and

2      5.    For other such relief as this Court deems just and proper.

3

4  DATED: November 23, 2009    Respectfully submitted,

5            LAW OFFICE OF CAROL A. SOBEL
          LAW OFFICE OF REBECCA F. THORNTON

6

7            *Carol A. Sobel*
          By: CAROL A. SOBEL

8            Attorneys for Plaintiffs

9            DEMAND FOR JURY TRIAL

10      Plaintiffs hereby demand a jury trial in this matter.

11

12  DATED:  November 23, 2009    Respectfully submitted,
          LAW OFFICE OF CAROL A. SOBEL

13            LAW OFFICE OF REBECCA F. THORNTON

14            *Carol A. Sobel*

15            By: CAROL A. SOBEL
          Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV09- 8636 JFW (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
CAROL A. SOBEL   SBN 84483
Law Office of Carol A. Sobel
429 Santa Monica Blvd., Ste. 550
Santa Monica, CA 90401
t. 310 393-3055  f. 310 393-3605

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH BURTON and STEVE RICHARDSON, <br><br> PLAINTIFF(S) <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal entity, SGT. ZUNIGA and SGT. WIGGINS, in their individual capacities, DOES 1-10, in their individual capacities, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV09-8636 JFW (FFMx) <br><br><br> **SUMMONS** |

TO:    DEFENDANT(S): <u>CITY OF LOS ANGELES, SGT. ZUNIGA, SGT. WIGGINS and DOES 1-10</u>

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>CAROL A. SOBEL</u>, whose address is <u>429 Santa Monica Blvd., Ste. 550, Santa Monica, CA 90401</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>November 23, 2009</u>

By: _____
SHEA BOURGEOIS
Deputy Clerk
(Seal of the Court)
SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DEBORAH BURTON and STEVE RICHARDSON

**DEFENDANTS**
CITY OF LOS ANGELES, SGT. ZUNIGA, SGT. WIGGINS, DOES 1-10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Law Office of Carol A. Sobel
429 Santa Monica Blvd., Ste. 550
Santa Monica, CA 90401     t. 310 393-3055

Attorneys (If Known)
Carmen Trutanich
Los Angeles City Attorney
200 N. Main Street, City Hall East
Los Angeles, CA 90012

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No      ☑ **MONEY DEMANDED IN COMPLAINT: $** TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiffs are community activists on Skid Row, who were detained and/or arrested in violation of 42 U.S.C. sec. 1983 and the First and Fourth Amendment.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV09-8636

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑Yes
If yes, list case number(s): CANGRESS v. City of Angeles, cv 08-01191 DDP

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☑A.  Arise from the same or closely related transactions, happenings, or events; or

☑B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☑C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐D.  Involve the same patent, trademark or copyright, *and* one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   *Carol A. Sobel*        Date November 23, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |